Matthew J. Oppenheim (D.C. Bar No. 443698)
Ever M. Hess (D.C. Bar No. 1722987)
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
matt@oandzlaw.com
ever@oandzlaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Steven Leonel Arias,<br>Plaintiff,<br>v.<br>Universal Music Group,<br>Defendant. | CIVIL ACTION NO.<br>Hon.<br>**NOTICE OF REMOVAL**<br>(Document Electronically Filed) |

**TO**: Chief Judge, Judges, and Clerk of the United States District Court for the District of Columbia;

**FROM**: Universal Music Group ("UMG" or "Defendant"), by and through its attorneys, Oppenheim + Zebrak, LLP;

**ON NOTICE TO**:

Plaintiff Steven Leonel Arias ("Plaintiff"), by and through his attorneys of record:

Nnamdi J. Nwaneri
AMIRI LEGAL & CONSULTANTS
7214 Kempton Road
Lanham, Maryland 20706
(201) 539-8022
nnamdi@getamirilegal.com

- and-

Clerk, Superior Court of the District of Columbia,
Moultrie Courthouse
500 Indiana Ave. NW, Suite 2500
Washington, DC 20001

**PLEASE TAKE NOTICE** that Defendant hereby removes this action from the Superior Court of the District of Columbia, Civil Division—Civil Actions Branch, to the United States District Court for the District of Columbia. In support of removal, Defendant states as follows:

1. The state court action is removable to this Court, and this Court has jurisdiction over this civil action, under 28 U.S.C. §§ 1338(a), 1331 and 1441(a) based on federal question jurisdiction, namely Plaintiff's claim arising under the Copyright Act, 17 U.S.C. § 101 *et seq*.

**I. PLEADINGS AND PROCESS**

2. On or about August 23, 2021, Plaintiff commenced this action, filing his Complaint and Jury Demand ("Complaint") in the Superior Court of the District of Columbia, Civil Division—Civil Actions Branch, captioned *Steven Leonel Arias v. Universal Music Group*, Case No. 2021 CA 002979 B (the "Action"). True and correct copies of all process, pleadings, and orders filed in this Action and/or served on UMG are attached hereto as Exhibit A to this Notice of Removal.

3. The Complaint asserts causes of action by Plaintiff against UMG for alleged copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* (Count Two); recission of contract (Count One) and unjust enrichment (Count Three).

4. UMG was first served with the Summons and Complaint on September 9, 2021. *See* Exhibit A hereto (Service of Process Transmittal).

5. Because the Superior Court of the District of Columbia is located within the judicial district of the District of Columbia, this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. §§ 88, 1441, and 1446.[1]

## II. THIS COURT HAS JURISDICTION OVER THIS ACTION

6. Plaintiff asserts a claim for copyright infringement and seeks damages under the Copyright Act. *See generally* Complaint ¶¶ 5-33.

7. Pursuant to 28 U.S.C. § 1338(a), district courts have original jurisdiction over "any civil action arising under any Act of Congress relating to . . . copyrights." Additionally, pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See also Nichols ex rel. Hamilton v. Greater Southeast Community Hosp.*, 382 F. Supp. 2d 109, 114 n.6 (D.D.C. 2005) (exercising supplemental jurisdiction over plaintiff's state law claims after the action was removed from the District of Columbia Superior Court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction).

9. Here, the Court has original jurisdiction over cases arising under the Copyright Act, as well as cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1338(a); 28 U.S.C. § 1331. Plaintiff brings a federal copyright infringement claim in

[1] While filing this Notice of Removal, UMG does not waive and specifically preserves any and all other defenses and/or counterclaims applicable to the claims of Plaintiff.

this case, thus bringing the case within the Court's original jurisdiction.

10. Plaintiff also asserts state law causes of action for unjust enrichment and recission. Those state law causes of action fall within the Court's supplemental jurisdiction because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Accordingly, the Court has jurisdiction over this Action.

## V. TIMELINESS OF REMOVAL

11. UMG was first served with the Summons and Complaint on September 9, 2021, and this Notice of Removal is timely filed with this Court within thirty (30) days of that date. *See* 28 U.S.C. § 1446(b).

12. UMG has sought no similar relief with respect to this matter.

## VI. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

13. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

14. A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, will be filed promptly in the Superior Court of the District of Columbia, Civil Division—Civil Actions Branch in accordance with 28 U.S.C. § 1446(d).

15. Counsel for Plaintiff will be served with a copy of this Notice of Removal.

16. For all the foregoing reasons, this Court has jurisdiction under 28 U.S.C. § 1338(a), 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 28 U.S.C. § 1441(a).

17. By filing this Notice of Removal, UMG expressly preserves and does not waive any defenses and/or potential counterclaims that may be available to it.

18. In the event that any questions should arise with regard to the propriety of the

removal of this Action, UMG respectfully requests the opportunity to present evidence in support of its position that removal is proper.

**WHEREFORE**, UMG hereby gives notice that all further proceedings in this matter shall take place in the United States District Court for the District of Columbia, unless and until held otherwise by this Court.

Dated: September 30, 2021

Respectfully submitted,

*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim (D.C. Bar No. 443698)
Ever M. Hess (D.C. Bar No. 1722987)
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
matt@oandzlaw.com
ever@oandzlaw.com

*Attorneys for Defendant*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 57.12(b)**

I hereby certify that, to the best of my knowledge, the subject matter in controversy in the above-captioned action is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding.

Dated: *Matthew J. Oppenheim*
Matthew J. Oppenheim