Matthew J. Oppenheim (D.C. Bar No. 443698)
Ever M. Hess (D.C. Bar No. 1722987) (*pro hac vice* motion forthcoming)
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
matt@oandzlaw.com
ever@oandzlaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN LEONEL ARIAS,<br><br>8907 Montpelier Drive<br>Laurel, MD 20708<br>      Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP,<br><br>2220 Colorado Avenue<br>Santa Monica, CA 90404<br><br>      Defendant. | CIVIL ACTION NO. 21-cv-02551 (APM)<br><br><br><br>(Document Electronically Filed) |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## Table of Contents

Introduction……………………………………………...…………………………...…… 1

Factual Background……………………………………………………………………....... 1

Standard of Review . ……………………………………………………………….......… 2

Argument ………………………………………………………………………….………... 3

      I. Plaintiff's Claim for "Rescission" Fails, as Rescission Is a Remedy, Not a Cause of
      Action ………………………………………………………………………………. 3
      II. Plaintiff Fails to State a Claim for Copyright Infringement ………………………….. 7
          a.  Plaintiff fails to allege registration ……………………………………...………. 7
          b.  Plaintiff has failed to plead a claim of infringement …………………………. ..7
      III. Plaintiff's Unjust Enrichment Claim is Preempted by the Copyright Act …..………..8

Conclusion....……………………………………………...……………………………..……11

# Table of Authorities

**Cases**

*Ali v. Mid-Atlantic Settlement Services, Inc.*,
 640 F. Supp. 2d 1 (D.D.C. 2009), *aff'd* 636 F.3d 622 (D.C. Cir. 2011) .................................. 3
*Ashcraft & Gerel v. Coady*,
 244 F.3d 948 (D.C. Cir. 2001) ................................................................................................. 3
*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................. 3
*Baker v. Adidas America, Inc.*,
 335 Fed. Appx. 356 (4th Cir. 2009) ......................................................................................... 6
*Buchanan v. Sony Music Entertainment*,
 2020 WL 2735592 (D.D.C. May 26, 2020), *aff'd* 836 Fed. Appx. 16 (D.C. Cir. 2021) ... 7, 8, 9
*Byrd-Sanders v. FedChoice Federal Credit Union*,
 2017 WL 6733974 (D.D.C. June 12, 2017) ............................................................................. 4
*Cadkin v. Bluestone*,
 2006 WL 8423180 (C.D. Cal. Dec. 12, 2006) ......................................................................... 9
*Caldwell v. Argosy University*,
 797 F. Supp. 2d (D.D.C. 2011) ................................................................................................ 3
*CDG International Corp. v. Q Capital Strategies, LLC*,
 2018 WL 278891 (S.D. Fl. Jan. 3, 2018) ................................................................................. 4
*Chant Engineering Co., Inc. v. Cumberland Sales Company*,
 2020 WL 12630540 ................................................................................................................ 10
*Dean v. Garland*,
 779 A.2d 911 (D.C. App. 2001) ............................................................................................... 3
*Doe # 1 v. American Federation of Government Employees*,
 2021 WL 3550996 (D.D.C. Aug. 11, 2021) ............................................................................. 3
*Falconi-Sachs v. LPF Senate Square, LLC*,
 142 A.3d 550 (D.C. App. 2016) ............................................................................................... 9
*Fetters v. Fetters*,
 26 N.E.3d 1026 (Ind. App. 2015) ............................................................................................. 6
*Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*,
 139 S. Ct. 881 (2019) ............................................................................................................... 7
*Francis v. Rehman*,
 110 A.3d 615 (D.C. App. 2015) ............................................................................................... 5
*Gannon v. Manning*,
 42 App. D.C. 206 (D.C. App. 1914) ........................................................................................ 6
*Genius Media Group Inc. v. Google LLC*,
 2020 WL 5553639 (E.D.N.Y. Aug. 10, 2020) ....................................................................... 10
*Hernandez v. Banks*,
 65 A.3d 59 (D.C. App. 2013) ................................................................................................... 5
*Legal Technology Group, Inc. v. Mukerji*,
 2019 WL 9143477 (D.D.C. 2019) ........................................................................................... 3
*Nationwide Mut. Ins. Co. v. Chantos*,
 214 S.E.2d 438 (N.C. App. 1975) ............................................................................................ 6

*Newborn v. Yahoo!, Inc.*,
 391 F. Supp. 2d 181 (D.D.C. 2005) ........................................................................... 7
*Northbound Grp., Inc. v. Norvax, Inc.*,
 795 F.3d 647 (7th Cir. 2015) ...................................................................................... 5
*Parker v. American Brokers Conduit*,
 179 F. Supp. 3d 509 (D. Md. 2016) ............................................................................ 4
*Roberts v. BroadwayHD LLC*,
 518 F. Supp. 3d 719 (S.D.N.Y. Feb. 9, 2021) .......................................................... 10
*Scranton Quincy Hospital Company, LLC v. Azar*,
 514 F. Supp. 3d 249 (D.D.C. 2021) ............................................................................ 3
*Shumate v. Twin Tier Hospitality, LLC*,
 655 F. Supp. 2d 521 (M.D. Pa. 2009) ......................................................................... 5
*Sims v. Viacom, Inc.*,
 2009 WL 3856667 (E.D. Pa. Nov. 17, 2009) .............................................................. 9
*Spanski Enterprises, Inc. v. Telewizja Polska S.A.*,
 222 F. Supp. 3d 95 (D.D.C. 2016), *aff'd* 883 F.3d 903 (D.C. Cir. 2018) ............... 7, 8
*Sparrow v. United Air Lines, Inc.*,
 216 F.3d 1111 (D.C. Cir. 2000) .................................................................................. 3
*Stanacard, LLC v. Rubard, LLC*,
 2016 WL 462508 (S.D.N.Y. Feb. 3, 2016) ............................................................... 10
*Steven Leonel Arias v. Universal Music Group*,
 Case No. 2021 CA 002979 B ...................................................................................... 1
*Taguinod v. World Sav. Bank, FSB*,
 755 F. Supp. 2d 1064 (C.D. Cal. 2010) ...................................................................... 4
*Tec Limited v. Weatherford Technology Holdings, LLC*,
 2020 WL 10897508 (S.D. Tex. Dec. 1, 2020) ............................................................ 5
*Ullah v. Linkenauger*,
 2020 WL 9459338 (E.D. Va. Oct. 2, 2020) ........................................................... 9, 10
*Williams v. Curington*,
 662 F. Supp. 2d 33 (D.D.C. 2009) .............................................................................. 8
*Yurek v. Shaffer*,
 678 S.E.2d 738 (N.C. App. 2009) ............................................................................... 5
*Zaccari v. Apprio, Inc.*,
 390 F. Supp. 3d 103 (D.D.C. 2019) ............................................................................ 3
*Zola v. Gordon*,
 685 F. Supp. 354 (S.D.N.Y. 1988) ............................................................................. 4

**Statutes and Rules**

17 U.S.C. § 106 ................................................................................................................ 1, 7, 8
17 U.S.C. § 301(a) .................................................................................................................. 8
17 U.S.C. § 411(a) .................................................................................................................. 7
17 U.S.C. 102(a)(2), (7) .......................................................................................................... 9
17 U.S.C. § 101 *et seq* ............................................................................................................ 1
D.C. Code § 46-101 ................................................................................................................ 6
Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 5, 11

Fed. R. Civ. P. 8 ............................................................................................................. 1, 3, 4

**Secondary Sources**

1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.15(G) ................................. 10

Universal Music Group ("UMG" or "Defendant") submits this Statement of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff purports to raise three causes of action in its Complaint against Defendant. All three claims fail. The first claim for rescission necessarily fails because rescission is a remedy, not a cause of action. The straightforward pleading requirements of Fed. R. Civ. P. 8 necessitate that Defendant be put on notice as to the claims asserted against it. Plaintiff's second claim for copyright infringement also fails to pass muster because he neither alleges that he timely registered the work at issue before bringing suit, nor does the Complaint contain a single allegation that Defendant violated any of the exclusive enumerated rights granted to a copyright holder under 17 U.S.C. § 106. Finally, Plaintiff's third claim for unjust enrichment is preempted by the Copyright Act.

## FACTUAL BACKGROUND

On or about August 23, 2021, Plaintiff filed his Complaint and Jury Demand in the Superior Court of the District of Columbia, Civil Division—Civil Actions Branch, captioned *Steven Leonel Arias v. Universal Music Group*, Case No. 2021 CA 002979 B (the "Action"). The Complaint asserts causes of action by Plaintiff against Defendant for alleged copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq* (Count Two); recission of contract (Count One) and unjust enrichment (Count Three). Defendant timely removed the Action to this Court on September 30, 2021 based on federal question jurisdiction.

Plaintiff alleges that on or about May 20, 2019, he "produced original copywritten works," including a "musical beat for the song project later entitled 'Good Morning.'" Plaintiff's

1

Complaint ("Compl.") ¶¶ 5-6. Plaintiff asserts that another musician, Malik Lynch, "requested to use one of Plaintiff's original copywritten works in a song to be used by Defendant." *Id.* at ¶ 8. According to Plaintiff, on December 12, 2019, the "Senior Vice President of A&R Administration for Defendant," Liza Corsey, emailed Plaintiff requesting signatures on the following documents: a "Producer's Declaration and Power of Attorney"; a "Def Jam Session Form"; and a "Def Jam Session/Credit Form." *Id.* at ¶ 11. Plaintiff states that he signed and returned the documents to Ms. Corsey the same day and contends that the Def Jam Session/Credit form indicated he was the "publisher, track engineer, and the mix engineer for the 'Good Morning' song project." *Id.* at ¶¶ 12-14. Plaintiff then purportedly emailed Ms. Corsey a copy of his Maryland Learner's Instructional Permit, which lists his birthday as September 29, 2002, meaning his eighteenth birthday would be on September 29, 2020. *Id.* at ¶¶ 17, 18. Plaintiff claims he was paid "two hundred fifty dollars ($250.00) for his contribution to the 'Good Morning' song project." *Id.* at ¶ 20.

Plaintiff has named Universal Music Group as the defendant. Nowhere in his Complaint does he make any factual allegation regarding Universal Music Group. Plaintiff describes that he entered into an agreement with Def Jam.

Prior to filing this Motion, counsel for the parties met and conferred regarding this Motion and the grounds thereto. After consulting with his client, counsel for Plaintiff indicated that Plaintiff did not wish to amend the Complaint and that Defendant should proceed with filing this Motion.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zaccari v. Apprio, Inc.*, 390

F. Supp. 3d 103, 108 (D.D.C. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). Though the Court gives plaintiff "'the benefit of all inferences that can be derived from the facts alleged,'" it "need not accept inferences drawn by plaintiff if those inferences are unsupported by facts alleged in the complaint," and it need not "accept plaintiff's legal conclusions." *Scranton Quincy Hospital Company, LLC v. Azar*, 514 F. Supp. 3d 249, 257 (D.D.C. 2021) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). Thus, "a complaint can establish a facially plausible claim only if it sets forth factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Doe # 1 v. American Federation of Government Employees*, 2021 WL 3550996, at *6 (D.D.C. Aug. 11, 2021) (cleaned up).

## ARGUMENT

### I. Plaintiff's Claim for "Rescission" Fails, as Rescission Is a Remedy, Not a Cause of Action

Plaintiff purports to assert a claim for "rescission" of a "contractual agreement." Compl. ¶¶ 21-24. "Rescission is not an independent cause of action, [however,] but instead is an equitable remedy[.]" *Ali v. Mid-Atlantic Settlement Services, Inc.*, 640 F. Supp. 2d 1, 11 (D.D.C. 2009), *aff'd* 636 F.3d 622 (D.C. Cir. 2011). *Accord Dean v. Garland*, 779 A.2d 911, 915 (D.C. App. 2001) (noting rescission "is an equitable remedy"); *Legal Technology Group, Inc. v. Mukerji*, 2019 WL 9143477, at *13 (D.D.C. 2019) (stating a breach of contract action "'entitles the injured party to an election of remedies, including rescission'" (quoting *Ashcraft & Gerel v. Coady*, 244 F.3d 948, 951 (D.C. Cir. 2001))). Fed. R. Civ. P. 8 requires "that a complaint provide defendants with a 'fair notice of each claim and its basis.'" *Caldwell v. Argosy University*, 797 F. Supp. 2d 25, 27 (D.D.C. 2011) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1118 (D.C. Cir. 2000)). "The purpose of this minimum pleading standard is to give fair notice to the defendant of the claims

3

being asserted, such that the defendant can prepare a responsive answer and adequate defense, as well as determine whether the doctrine of res judicata applies." *Byrd-Sanders v. FedChoice Federal Credit Union*, 2017 WL 6733974, at *1 (D.D.C. June 12, 2017) (dismissing complaint where, *inter alia*, complaint failed to state "the claim for which [p]laintiff [sought] relief"), *denying reconsideration*, 2017 WL 6541258 (D.D.C. Oct. 3, 2017).

Because Plaintiff has not "attempted to explain the nature of his claim," in accordance with the pleading standards mandated by Fed. R. Civ. P. 8, it must be dismissed. *Caldwell*, 797 F. Supp. 2d at 28 *See also Zola v. Gordon*, 685 F. Supp. 354, 374 (S.D.N.Y. 1988) (dismissing purported rescission claim with prejudice because rescission "is only a remedy, not a cause of action"); *Parker v. American Brokers Conduit*, 179 F. Supp. 3d 509, 520 (D. Md. 2016) (stating rescission "is not a cause of action *per se*; it is an equitable remedy," [a]nd since the Court has determined that [p]laintiff's claims are meritless, he is entitled to no relief in these proceedings whatsoever, whether through rescission or otherwise"); *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1072 (C.D. Cal. 2010) (dismissing rescission claim because rescission is "not a cause of action"); *CDG International Corp. v. Q Capital Strategies, LLC*, 2018 WL 278891, at *8 (S.D. Fl. Jan. 3, 2018) (dismissing rescission claim because rescission is "not a cause of action," and stating that "[t]itling a discrete count in the Complaint 'Rescission' is not unlike titling a free-standing count 'Damages'").

Even if Plaintiff were attempting to assert a claim for breach of contract, he has failed to allege the elements thereto. In order to assert a claim for breach of contract, a plaintiff must allege "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach." *Francis v. Rehman*, 110 A.3d 615, 621 (D.C. App. 2015). Plaintiff has not alleged that UMG is even a party to an agreement with

Defendant. His allegation of a contract is with Def Jam. Def Jam is an unincorporated division of UMG Recordings, Inc., an entity not named in the Complaint. *See, e.g., iii Tec Limited v. Weatherford Technology Holdings, LLC*, 2020 WL 10897508, at *15 (S.D. Tex. Dec. 1, 2020) ("A plaintiff may not enforce a contract against a defendant who was neither a party to the contract nor assumed the contract[.]"); *Northbound Grp., Inc. v. Norvax, Inc.*, 795 F.3d 647, 651 (7th Cir. 2015) (explaining "a party to a contract [cannot] sue a non-party for breach of the contract simply because the non-party has a close relationship with the other party to the contract who has breached"). Plaintiff also has not alleged a duty or a breach committed by Defendant, which are required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Francis*, 110 A.3d at 621 (noting that to state a claim for breach of contract, plaintiff must "describe the terms of the alleged contract and the nature of the defendant's breach").

If Plaintiff's claim for recission is actually an effort to disaffirm a contract he entered into, such a claim would also fail. Leaving aside that he has failed to allege facts demonstrating that he has sought to disaffirm the contract or that he agreed to return the consideration he received as part of that agreement, Plaintiff has not stated a basis for disaffirmance.

Contracts with a minor are voidable, not inherently void, and the minor must disaffirm the contract "during minority or within a reasonable time of reaching majority" to void the contract. *Yurek v. Shaffer*, 678 S.E.2d 738, 748 (N.C. App. 2009). *Accord Hernandez v. Banks*, 65 A.3d 59, 65-66, 67-68 (D.C. App. 2013) (noting general rule that contract with a minor is voidable); *Shumate v. Twin Tier Hospitality, LLC*, 655 F. Supp. 2d 521, 531 (M.D. Pa. 2009) ("Contracts of a minor . . . are voidable by the minor, not void. This means that a minor can render a contract a nullity by disaffirming it at any point up until a reasonable time after the minor attains his or her majority."); *Fetters v. Fetters*, 26 N.E.3d 1026, 1022 (Ind. App. 2015) ("[C]ontracts entered into

by a minor are voidable at the option of the minor while he or she remains a minor, or within a reasonable time after reaching majority").

"What constitutes a reasonable time in this context 'depends upon the circumstances of each case[.]'" *Baker v. Adidas America, Inc.*, 335 Fed. Appx. 356, 359 (4th Cir. 2009) (quoting *Nationwide Mut. Ins. Co. v. Chantos*, 214 S.E.2d 438, 444 (N.C. App. 1975)). Accepting benefits under the contract or otherwise affirming the contract can "preclud[e] subsequent disaffirmance." *Baker*, 335 Fed. Appx. at 360 (internal citation and quotation omitted) (concluding that accepting various payments and "other benefits" one month and six months after reaching age of majority ratified the contract and that delay of two years to attempt disaffirmance "constituted an unreasonable delay"); *Gannon v. Manning*, 42 App. D.C. 206, 211 (D.C. App. 1914) (approximately one month between reaching age of majority and disaffirming contract was reasonable time).

According to Plaintiff's allegations, he entered into the contract when he was seventeen. Plaintiff turned eighteen on September 29, 2020. The age of majority in Washington D.C. is eighteen. D.C. Code § 46-101. Plaintiff waited until approximately August 23, 2021—nearly a year after he reached the age of majority—to file this lawsuit potentially seeking to rescind his contractual agreement(s) with Defendant.

Plaintiff has asserted no facts to support a claim for disaffirmance. He has not described why he waited over a year to seek disaffirmance, what is the burden that the existing agreement creates, or why the agreement that he allegedly entered into when he was seventeen is manifestly unfair and should be voided. Based on Plaintiff's allegations, he has not set forth any basis for disaffirmance.

## II. Plaintiff Fails To State a Claim For Copyright Infringement

### A. Plaintiff fails to allege registration

Plaintiff fails to allege that he timely preregistered or registered the work at issue, which is a precondition to filing suit. *See Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019). *See also* 17 U.S.C. § 411(a). Courts in this Circuit routinely dismiss complaints for failure to state a claim where a copyright claimant fails to allege that he or she timely registered the work prior to filing suit. *See, e.g., Buchanan v. Sony Music Entertainment*, 2020 WL 2735592, at *5 (D.D.C. May 26, 2020) (dismissing copyright infringement claim for "lack of any allegation regarding pre-suit registration" as to the songs plaintiff alleged were infringed), *aff'd* 836 Fed. Appx. 16 (D.C. Cir. 2021) *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 188-89 (D.D.C. 2005) (dismissing infringement claim because there were "no allegations" that the work at issue had "received a copyright registration," and stating that "a complaint [should] 'list[] the copyright registration numbers . . . that correspond to each [work,] . . . annex[] copies of . . . Copyright Registrations, and stat[e] that the defendant has infringed upon one or more of these copyrights'" (citation omitted)).

### B. Plaintiff has failed to plead a claim of infringement

Plaintiff has also failed to sufficiently plead the elements of copyright infringement. "[T]o prevail in a copyright infringement action plaintiff must show . . . [1] that he is the rightful owner of the copyright at issue, and [2], that the defendant infringed his copyright [under 17 U.S.C. § 106]." *Spanski Enterprises, Inc. v. Telewizja Polska S.A.*, 222 F. Supp. 3d 95, 109 (D.D.C. 2016) (internal citations and quotations omitted), *aff'd* 883 F.3d 903 (D.C. Cir. 2018).

To state a claim for infringement, Plaintiff must allege that Defendant in some way violated one of his enumerated rights under 17 U.S.C. § 106, i.e., that Plaintiff reproduced, distributed, or

made a derivative work without authorization. *Spanski Enterprises*, 222 F. Supp. 3d at 109. Plaintiff has made no such allegation. Plaintiff's complaint fails to set forth that Defendant made or sent copies of his copyrighted work, let alone any details regarding the alleged infringement. Without any such allegations, Plaintiff cannot defend the action. Without pleading this critical element of his copyright infringement claim, the claim fails.

### III.     Plaintiff's Unjust Enrichment Claim is Preempted by the Copyright Act

Plaintiff's unjust enrichment claim is preempted by the Copyright Act. It is well settled law that "no common law claims concerning infringement can be maintained where (1) 'the copyrighted work [is] the type of work protected by copyright law'; and (2) 'the state law right [is] equivalent to a right protected by the Copyright Act.'" *Buchanan v. Sony Music Entertainment*, 2020 WL 2735592, at *8 (D.D.C. May 26, 2020) (citation omitted). *Accord Williams v. Curington*, 662 F. Supp. 2d 33, 40 (D.D.C. 2009).

Under 17 U.S.C. § 301(a) of the Copyright Act "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."

This statutory preemption provision "is crystal clear that the federal statute is the sole vehicle for recovery of damages due to an alleged theft of a plaintiff's creative work." *Buchanan*, 2020 WL 2735592 at *8. "A right arising under state law is equivalent to one of the 'exclusive rights within the general scope of copyright' where the 'state law may be abridged by an act which, in and of itself, would infringe one of [the Copyright Act's] exclusive rights.'" *Id.* at *9 (citation omitted).

It is indisputable that musical works and sound recordings are the type of works protected by copyright law. 17 U.S.C. 102(a)(2), (7) (listing musical works and sound recordings as two categories of works of authorship in which copyright protection subsists). Accordingly, the work at issue here is "the type of work protected by copyright law." *See Cadkin v. Bluestone*, 2006 WL 8423180, at *1 (C.D. Cal. Dec. 12, 2006) ("Musical Compositions and sound recordings fall within the subject matter of copyright law."); *Sims v. Viacom, Inc.*, 2009 WL 3856667, at *3 (E.D. Pa. Nov. 17, 2009)(stating musical works and sound recordings fall within the subject matter of copyright).

As a state law claim covering the same subject matter as copyright is preempted if it is equivalent to a right protected under the Copyright Act, such a claim can only survive if it is qualitatively different than the infringement claim. *Buchanan*, 2020 WL 2735592 at *9. Accordingly, courts "must determine whether there is an 'extra element' of the state law claim that changes the nature of the action so that it is qualitatively different from a copyright infringement claim, and in order to do so, [courts] look to both the elements of the state law cause of action and the way the plaintiff has actually pled the cause of action." *Id.* (cleaned up).

The state law claim for unjust enrichment is "equivalent to a right protected by the Copyright Act." The state law unjust enrichment claim "contains no extra element rendering it qualitatively different from a copyright claim." *Ullah v. Linkenauger*, 2020 WL 9459338, at *7 (E.D. Va. Oct. 2, 2020). "The elements of an unjust enrichment claims are '(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust.'" *Falconi-Sachs v. LPF Senate Square, LLC*, 142 A.3d 550 (D.C. App. 2016) (internal citation omitted). Plaintiff contends that "Defendant unjustly enriched [itself] by wrongly converting, taking, utilizing, or managing the

9

property of Plaintiff." Compl. ¶ 31. By "property," Plaintiff refers to the "Good Morning" work. That is, Plaintiff claims that he is entitled to damages for Defendant's alleged unauthorized use of his work. "Plaintiff's unjust enrichment claim therefore seeks to vindicate the same rights exclusive to federal copyright law," and is accordingly preempted by the Copyright Act. *Ullah*, 2020 WL 9459338, at *7. *Accord Chant Engineering Co., Inc. v. Cumberland Sales Company*, 2020 WL 12630540, at *1, n.1 ("The bulk of Plaintiff's unjust enrichment claim is premised on assertions that [d]efendants exploited [p]laintiff's alleged copyrighted works without permission and without paying [p]laintiff. Such a claim is preempted by the Copyright Act."); *Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d 719, 734 (S.D.N.Y. Feb. 9, 2021) (dismissing unjust enrichment claim as preempted, stating it was not qualitatively different from a copyright infringement claim, as it sought "to vindicate [plaintiff's] right to control the copying, distribution, and public performance of [plaintiff's]" copyrighted vocal arrangements); 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.15(G) ("[A] state-law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right,' and, hence, preempted insofar as it applies to copyright subject matter.").

Just as courts throughout the country routinely hold that unjust enrichment claims related to a copyrighted work are preempted by the Copyright Act, so too should the Court hold here. *Genius Media Group Inc. v. Google LLC*, 2020 WL 5553639, at *11 (E.D.N.Y. Aug. 10, 2020) (gathering cases); *Stanacard, LLC v. Rubard, LLC*, 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016) ("Where the gravamen of an unjust enrichment claim is that defendants 'unjustly benefitted from unauthorized use' of a work within the scope of the Copyright Act . . . the claim is preempted" (quotation omitted)).

## **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: December 22, 2021                              Respectfully submitted,


*/s/ Matthew J. Oppenheim*
Matthew J. Oppenheim (D.C. Bar No. 443698)
Ever M. Hess (D.C. Bar No. 1722987) (*pro hac vice* motion forthcoming)
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Phone: (202) 480-2999
matt@oandzlaw.com
ever@oandzlaw.com

*Attorneys for Defendant*